Jacob Clammer and his Securities, *vs.* The State of Maryland, use of Aza Beall.—*December* 1850.

In an action on a collector's bond, the defendant failed to plead, and judgment by default was entered against him. On the same day of the entry of this judgment upon *nil dicit*, the following entry was made on the docket: "judgment for $30,000 debt, and $60,000 damages and costs; damages to be released on payment of $428.28, with interest from 1st of March, 1840, and costs $9.82." HELD: That parol evidence is admissible to prove that this judgment was agreed to be final by confession ; that in recording the last judgment, it was intended to supersede the judgment by default, and that its remaining on the docket was a clerical error.

No execution could be issued on this judgment in this state of the entries, until the judgment by default is erased and corrected.

In an action upon a bond with a collateral condition, the breaches must be somewhere suggested in the pleadings or on the roll. No judgment on such a bond can be final, until the damages are ascertained, and as a proper foundation for this, breaches of the condition must be suggested.

The plaintiff may, however, waive a judgment by default, and in lieu of damages assessed upon breaches which he was at liberty to suggest upon the roll, substitute a confession of them by defendant.

APPEAL from *Allegany* county court.

This was an appeal taken from an order of the county court, overruling a motion to quash an execution issued upon a judgment obtained by the appellee against the appellant and his securities, upon his official bond as a collector of *Allegany* county.

The facts of the case are fully stated in the opinion of this court.

The cause was argued before SPENCE, MAGRUDER, and FRICK, J.

By GEO. A. PEARRE, for the appellants, and
By McKAIG, for the apppellee.

FRICK, J., delivered the opinion of this court.

In this case suit was instituted upon the official bond of the appellant, as collector of *Allegany* county. At the time of issuing the writ, the plaintiff filed in court a copy of the official bond of the appellant, with an account and promissory note admitting the amount due by the appellant. The declaration was regularly filed, and a rule laid upon the defendants to plead thereto. The defendants failed to plead, and thereupon judgment upon *nil dicit* was entered on the 15th day of October, 1842. Immediately following this judgment on the rule, *and on the same day*, the docket entries continue thus: "Judgment for $30,000 debt, and $60.00 damages and costs; damages to be released on payment of $428.28, with interest from 1st day of March, 1840, and costs $9.82."

On the 24th of June, 1845, execution was issued upon this judgment, which was endorsed "to lie," and no return was ever made. On the 29th of August, 1848, a second *fi. fa.* was issued; no entries of any continuances of the former *fi. fa.* appearing on the docket.

This second *fi. fa.*, the appellants moved to quash, for reasons filed with the motion, in substance: that the judgment was interlocutory and not final, and upon such judgment no execution could issue until breaches are assigned, and damages assessed to render it final; and that breaches were neither assigned or damages assessed.

The appellee produced depositions to show that it was the intention of counsel for the parties, that the judgment should be final upon agreement and confession. And the conrt after argument upon the motion and affidavits, determined that the affidavits were not admissible to show that the judgment was other and different from the judgment shown by the proceedings; but that apart from the affidavits, the proceedings rightly construed, show a final, not an interlocutory judgment.

There can be no question that where the action is upon a bond with collateral conditions, the breaches must be somewhere suggested in the pleadings or upon the roll. No judgment upon such a bond can be final until the damages are ascertained; and no proper foundation for the assessment is properly laid, until the breaches of the condition are suggested. If we assume, therefore, that the judgment on the rule plea is the only judgment which the court can regard in this case, it is but interlocutory, "that the plaintiff ought to recover his damages," and any execution upon it would be improvidently sued out. No execution could have been issued upon it, because the execution necessarily directs the levy of damages, which were never assessed under the default. The execution, then, was of course issued upon the subsequent judgment in which damages are ascertained and entered. And the question arises, is that such a judgment, final in the cause, *non obstante* the preceding entry by default, as will support this execution?

The only mode to dispense with the requirements of the statute of 8 & 9, *Will. III, ch.* 11, must be by the confession of the judgment; and there can be no question, that standing by itself, this would be considered a full and final judgment and confession. See the case of *Clarke vs. Digges,* 5 *G.,* 118.

The entry of the default preceding it, out of the way, would leave the case free of difficulty. That entry presents a case with two judgments, which cannot subsist together. It was, however, competent to the plaintiff to remit the default, and accept the confession of a judgment. Upon such terms, the plaintiff might surely waive his default, and in lieu of damages assessed upon breaches, which he was at liberty to suggest upon the roll, substitute a confession of them by the defendant. And if these are to be construed as distinct judgments, that deform the record and contradict each other, why should explanatory evidence be excluded, that establishes the fact, that in recording the last judgment, it was intended to supersede the first? They could not have intended to make two judgments, and both worthless as they now stand; or that the latter judgment should continue a nullity, and the preceding default remain in force. Is it probable that this release could find its way into the record, without intending the proper correction of the entries, to make it available? The mere act of the clerk in striking out the default, would make it so. And the county court in their decision, would seem to treat it as out of the case, or regard it as surplusage; and considering that done which ought to have been done, have determined that the entries, all standing, and rightly construed, show a final, not an interlocutory judgment.

Without going to the extent of this decision of the county court, which leaves we think, these entries opposed to each other, we arrive at the same conclusion, that this last entry, ought to stand as the final judgment. We rest it chiefly, however, upon the affidavits of both the counsel, which prove that the judgment was agreed to be final by confession, and that of course, the default as inconsistent with this agreement, was remitted. It must be recollected, that there were papers filed in the cause, which, without the consent of counsel, were entirely irrelevant to the pleadings. But they purported to show the ascertainment of the debt between the parties, and by the release entered, show, that they were substituted for an assessment by a jury, and adopted as part of the case. Surely in

Clammer, *et al.*, *vs.* The State, use of Beall.—1850.

this position of a case, the parties have a right to waive the delay and expense of an inquiry upon breaches alleged, and agree to the terms of the judgment. In so doing, the default was overlooked by both clerk and counsel, and its remaining on the docket is a clerical error. The affidavits, we think are competent to show this, and were properly offered, not to contradict the record, but to show this clerical error, and restore the consistency of the pleadings. The latter judgment now, is as much a part of the record as the first, no matter how it got there. And as they are distinct and contradictory, one of them is necessarily a clerical error. And we are left to no intendment in the case, when the affidavits so clearly show, that in entering the last, it was intended to supersede the first; and in rejecting these affidavits for this purpose, we think the county court erred.

But it has been urged by counsel, that we are to look at the case, as extended upon the record, and not to the docket entries; and as extended, it is treated as a judgment upon *nil dicit.* That the clerk has so treated it in one respect, is true; because, finding the default upon the docket entries, he could not do otherwise. But further inspection will show, that he has further introduced the second, and treats it as the final judgment. Without falsifying the entries, he could not do otherwise.

We agree with the county court then, so far as to confirm this last judgment. We think, however, it cannot be made to support this execution, until the previous default is erased and corrected. To enable the party to make the necessary correction, the case will be returned to the county court. In the meantime it results necessarily, that the execution was improvidently issued in this state of the entries. We reverse, therefore, the order of the county court, overruling the motion to quash it, and allow a procedendo, to afford the proper occasion to correct the entries.

ORDER REVERSED, AND

PROCEDENDO AWARDED.